UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRYN NICOLE JONES, et al., <br> Plaintiffs, | Case No. 1:16-cv-778 <br> Black, J. <br> Litkovitz, M.J. |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., <br> Defendants. | **ORDER** |

Pro se plaintiffs Derryn and Dwight Jones bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for a claim arising out of a state foreclosure action. This matter is before the Court on the following filings: (1) the joint motion to dismiss of defendants Lerner Sampson & Rothfuss ("LSR") and Matthew I. McKelvey (Doc. 13); (2) the motion to dismiss of defendants American Servicing Company, Scott A. King, Thompson Hine LLP, Wells Fargo Bank, N.A., and U.S. Bank National Association, as Trustee for CSMC Mortgage Backed Pass-Through Certificates, Series 2006-2 (Doc. 16); (3) plaintiffs' motion for an extension of time to file responses to the motions to dismiss (Doc. 31); (4) plaintiffs' motion to strike the motions to dismiss (Doc. 33); and (5) the joint motion of defendants LSR and McKelvey for an extension of time to respond to the amended complaint (Doc. 34).

**I. Procedural Background**

Plaintiffs filed their complaint in July 2016. (Doc. 4). They allege claims for relief under the FDCPA and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq. (*Id.* at ¶¶ 46-82). They also seek injunctive relief to stop the foreclosure sale of their residence. (*See id.* at ¶¶ 83-88).

Defendants filed motions to dismiss the complaint for failure to state a claim on November 4 (Doc. 13) and November 7, 2016 (Doc. 16). Plaintiffs filed an amended complaint

on November 28, 2016 (Doc. 27). As to the pending motions to dismiss, plaintiffs filed "demands" for extension of time to respond on November 18, 2016. (Docs. 21 and 23). The Court construed these "demands" as motions for an extension of time and granted plaintiffs an extension until December 12, 2016 to respond to the motions to dismiss. (Doc. 28).

On December 9, 2016, plaintiffs filed another motion for an extension of time to respond to the motions to dismiss. (Doc. 31). On the same day, plaintiffs moved to strike the motions to dismiss for "failure to state a claim." (Doc. 33).

On December 12, 2016, defendants LSR and McKelvey moved for an extension of time to respond to plaintiffs' amended complaint. (Doc. 34). On December 27, 2016, defendants LSR and McKelvey filed a motion to dismiss the amended complaint. (Doc. 37).

**II. Resolution**

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Under the Federal Rules of Civil Procedure in effect before December 1, 2016, three days are added to a party's period to respond when service of the motion requiring a response is made electronically or by mail. Fed. R. Civ. P. 6(d).

Here, defendants LSR and McKelvey filed their motion to dismiss the original complaint on November 4, 2016 and served a copy of the motion on plaintiffs by mail. (Doc. 13 at 18). Thus, plaintiffs had until November 28, 2016 to file an amended complaint as to these defendants as a matter of course. *See* Fed. R. Civ. P. 6(d) and 15(a)(1)(B). The remaining defendants filed their motion to dismiss the original complaint on November 7, 2016 and served it on plaintiffs by mail. (Doc. 16 at 22). Therefore, plaintiffs had until December 1, 2016 to file an amended complaint as to these defendants as a matter of course. *See* Fed. R. Civ. P. 6(d) and

2

15(a)(1)(B). Accordingly, plaintiffs' amended complaint filed on November 28, 2016 was timely filed as to all defendants as a matter of course. Because this amended complaint replaces the original complaint, defendants' motions to dismiss the original complaint are **DENIED AS MOOT**. *See ComputerEase Software, Inc. v. Hemisphere Corp.*, No. 1:06-cv-247, 2007 WL 852103, at *1 (S.D. Ohio Mar. 19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot."). Likewise, because the motions to dismiss the original complaint are moot, plaintiffs' motions directed at those motions to dismiss are also **DENIED AS MOOT**.

This leaves defendants LSR and McKelvey's motion for an extension of time until January 2, 2017 to file a response to the amended complaint. For good cause shown, the motion is **GRANTED**. Thus, the motion to dismiss the amended complaint that these defendants filed on December 27, 2016 is timely and the Court will consider it after it is ripe.

### III. Conclusion

Based on the foregoing, the motions to dismiss the original complaint (Docs. 13 and 16) are **DENIED AS MOOT**. Plaintiffs' motions for an extension of time to file responses (Doc. 31) and to strike (Doc. 33) those motions to dismiss are **DENIED AS MOOT**. Defendants LSR and McKelvey's motion for an extension of time to file a response to the amended complaint (Doc. 34) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 2/2/17

Karen L. Litkovitz
United States Magistrate Judge