UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRYN NICOLE JONES, et al.,
    Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION, et al.,
    Defendants.

Case No. 1:16-cv-778
Black, J.
Litkovitz, M.J.

**ORDER**

Pro se plaintiffs Derryn and Dwight Jones bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for a claim arising out of a state foreclosure action. This matter is before the Court on plaintiffs' motions to strike defendants' motions to dismiss (Docs. 41 and 42), the memorandum in opposition of defendants U.S. Bank, N.A., Wells Fargo Bank, N.A. d/b/a America's Servicing Company, Thompson Hine, LLP, and Scott A. King (Doc. 45), the joint memorandum in opposition of defendants Lerner Sampson & Rothfuss and Matthew I. McKelvey (Doc. 47), and plaintiffs' reply memoranda (Docs. 48 and 49).

Plaintiffs filed their amended complaint in November 2016. (Doc. 27). They allege claims for relief under the FDCPA and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq. (*Id.* at ¶¶ 63-101). They also seek injunctive relief to stop the foreclosure sale of their residence. (*See id.* at ¶¶ 102-07). Finally, they assert claims of intrinsic and extrinsic fraud against defendant law firms Lerner Sampson & Rothfuss ("LSR") and Thompson Hine LLP. (*See id.* at ¶¶ 108-15).

Defendants filed motions to dismiss the amended complaint for failure to state a claim on December 12 (Doc. 35) and December 27, 2016 (Doc. 37). Plaintiffs have since filed motions to deny and strike the motions to dismiss the amended complaint (Docs. 41 and 42).

In their motions to strike, plaintiffs assert that the Court should strike the motions to dismiss because defendants have "not introduced into evidence any depositions, admissions, or affidavits as facts for dismissal." (Doc. 41 at 5; Doc. 42 at 5). Plaintiffs assert that "[s]tatements of Counsel in brief or in argument are not Sufficient for Motion to Dismiss." (*Id.*). Finally, plaintiffs assert that "[t]he motion to dismiss would violate [their] right to Trial by Jury." (Doc. 41 at 7; Doc. 42 at 7).

Plaintiffs' motions to strike will be denied. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the sufficiency of a complaint." *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). "In assessing a motion to dismiss under Rule 12(b)(6), this court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (in turn quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). As such, defendants are not required (and are not permitted under most circumstances) to "introduce into evidence any depositions, admissions, or affidavits as facts for dismissal" (*see* Doc. 41 at 5; Doc. 42 at 5) when moving to dismiss a complaint under Rule 12(b)(6). Instead, a motion to dismiss is proper when it contains arguments as to why a complaint is not sufficient. Accordingly, plaintiffs' assertions that defendants' motions should be stricken for the failure to introduce evidence and for containing "[s]tatements of Counsel in brief or argument" are not well-taken.

Additionally, plaintiffs' argument that a motion to dismiss violates their right to a jury trial is not well-taken. The Sixth Circuit has explained why: "Nor did the district court's dismissal for failure to state a claim violate [plaintiff's] Seventh Amendment right to a jury trial. Where there are no properly controverted factual issues, no jury trial is required." *James v.*

2

*Mann*, No. 99-2071, 2000 WL 1679505, at *2 (6th Cir. Oct. 30, 2000) (citing *Fidelity & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319-20 (1902); *Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1447 (9th Cir. 1987); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)). Thus, if after considering defendants' motions to dismiss, the Court determines that there are no properly controverted factual issues, plaintiffs would not have a right to a jury trial and granting the motions to dismiss would be proper under the Constitution.

Based on the foregoing, plaintiffs' motions to strike the motions to dismiss (Docs. 41 and 42) are **DENIED**.

    **IT IS SO ORDERED.**

Date: 3/9/17

Karen L. Litkovitz
United States Magistrate Judge